Kamala D. Harris
Attorney General of California
Danielle F. O'Bannon
Supervising Deputy Attorney General
D. Robert Duncan
Deputy Attorney General
State Bar No. 161918
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5739
  Fax: (415) 703-5843
  E-mail: Robert.Duncan@doj.ca.gov
*Attorneys for Defendants*
*M. Cate, M. Creed, S. Ellery, B. Grenert, P. Harman, G. Lewis, K. Ohland, R. Tupy, T. Wood, and M. Sayre*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **MICHAEL ROMERO,**<br><br>                    Plaintiff,<br><br>v.<br><br>**S. ELLERY, et al.,**<br><br>                  Defendants. | C 12-1084 WHO (PR)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR A STAY OF DISCOVERY AND OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE ADDITIONAL INTERROGATORIES** |

TO PLAINTIFF, MICHAEL ROMERO, PRO SE:

PLEASE TAKE NOTICE that Defendants Cate, Creed, Ellery, Grenert, Harman, Lewis, Ohland, Tupy, Wood, and Sayre (Defendants) move this Court for a protective order to stay discovery, including, but not limited to, requests for admissions, interrogatories, and document production, under Federal Rule of Civil Procedure 26(c) on the grounds that Defendants filed a motion to dismiss, asserting qualified immunity. This motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, all pleadings, exhibits, and papers on file in this action, and any other matters properly before the Court.

1

In addition, Defendants oppose Plaintiff's motion for leave to file additional interrogatories.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**STATEMENT OF CASE**

Plaintiff Michael Romero (Romero), a state prisoner at Pelican Bay State Prison (Pelican Bay), filed a civil rights action under 42 U.S.C. § 1983. (Am. Compl., ECF No. 7) Romero alleges that on April 23, 2011, Defendants Ellery, Harman, and Grenert violated the Eighth Amendment excessive force prohibition by unnecessarily spraying him with pepper spray during a cell search. (*Id*. 7, ¶¶ 12-15.) Romero further alleges that Defendant Creed, a licensed vocational nurse, deliberately denied medical treatment for the effects of the pepper spray, released Romero back to his cell before the cell was decontaminated, and never conducted a follow-up medical examination. (*Id*. 8, ¶¶ 27-31.) In addition, Romero claims that the supervisory defendants breached their duties to legally administer the prison, and train and supervise subordinates, resulting in a violation of his rights. (*Id.* 19, ¶¶ 73-74.) He also alleges that Defendants Lewis and Cate failed to properly investigate and discipline the prison staff for their use of excessive force. (*Id.* 11-12, ¶ 38.) Finally, Romero asserts that Defendants Tupy and Wood found him guilty of willfully resisting a peace officer in violation of his due-process rights despite the lack of evidence. (*Id*. 18, ¶¶ 68.)

On September 25, 2013, Defendants filed a motion to dismiss arguing that Romero's excessive force, failure to supervise, train, investigate, discipline, and due-process claims are barred by the *Heck v. Humphrey* favorable termination rule, Romero did not exhaust administrative remedies for the failure to supervise, train, investigate, discipline, due-process violations, and medical deliberate indifference claims, and Romero failed to state cognizable supervisory liability claims. (Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A. (Defs.' Mot. Dismiss), ECF No. 42.) On October 30, 2013, Romero filed an opposition to Defendants' motion to dismiss. (Pl.'s Opp'n Defs.' Mot. Dismiss (Pl.'s Opp'n), ECF No. 48.) In the opposition, Romero moved to voluntarily dismiss the failure to train, failure to supervise, failure to investigate, due process, and deliberate indifference to medical needs claims. (Pl.'s Opp'n 12-13.) Romero also released Defendants Cate, Lewis, Tupy, Ohland, Wood, Sayre, and Creed from all

2

Defs.' Mot. Stay Disc. & Opp'n Pl.'s Mot. Leave File Add. Interrogs.     *Romero v. Ellery, et al.* (C 12-1084 WHO)

liability in this case. (*Id.*) The only claim that Romero continues to pursue is the excessive force claim against Defendants Ellery, Harman, and Grenert. (*Id.* 2:1-3.) On November 14, 2013, Defendants filed a reply to Romero's opposition to Defendants' motion to dismiss. (Defs.' Reply Pl.'s Opp'n Defs.' Mot. Dismiss; ECF No. 49.) On December 9, 2013, Plaintiff filed a motion for leave to file additional interrogatories. (Pl.'s Mot. Leave File Additional Interrogs., ECF No. 50.) Defendants now request an order staying discovery until the motion to dismiss is decided and oppose Plaintiff's motion for leave to file additional interrogatories.

## ARGUMENT

**I.   DISCOVERY SHOULD BE STAYED PENDING A DECISION ON DEFENDANTS' MOTION TO DISMISS BASED ON THE THRESHOLD QUESTION OF QUALIFIED IMMUNITY.**

The Supreme Court has made it clear that a district court should stay discovery until the threshold question of qualified immunity is settled. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("If the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery"); *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In *Anderson*, the Court reiterated that "[o]ne of the purposes of the *Harlow* qualified immunity standard is to protect public officials from the broad-ranging discovery that can be peculiarly disruptive of effective government." *Anderson*, 483 U.S. at 646 n.6 (internal quotation marks omitted). In the prison context, the doctrine of qualified immunity allows officials to maintain order and safety without the fear of liability for doing what seemed reasonable at the time. *See Jeffers v. Gomez*, 267 F.3d 895, 917-18 (9th Cir. 2001).

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987); *see also Defensive Instruments, Inc. v. R.C.A. Corp.*, 385 F. Supp. 1053, 1054 (W.D. Pa. 1974). According to the Ninth Circuit, a stay of discovery until the threshold question of qualified immunity is settled "furthers the goal of efficiency for the court and litigants." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The district court has wide discretion in

3

Defs.' Mot. Stay Disc. & Opp'n Pl.'s Mot. Leave File Add. Interrogs.   *Romero v. Ellery, et al.* (C 12-1084 WHO)

controlling discovery. Such rulings will not be overturned unless there is a clear abuse of discretion." *Id.*

On April 2, 2013, Romero served Defendants Ellery, Harman, Grenert, Tupy, Ohland, Wood, Lewis, Cate, Sayre, and Creed with a first set of common interrogatories. (Decl. Duncan Supp. Defs.' Mot. Stay Discovery (Decl. Duncan) ¶ 2, Ex. A.) Romero sought responses from each of the Defendants separately, fully, in writing, and under oath. (*Id.* ¶ 2, Ex. A, 1:27-28.) On July 5, 2013, after obtaining an extension of time, Defendants Ellery, Harman, Grenert, Tupy, Ohland, Wood, Sayre, and Creed each served timely responses to Romero's interrogatories. (*Id.* ¶¶ 3-10, Exs. B-I.) On August 19, 2013, after obtaining an additional extension of time, Defendant Lewis served timely responses to Romero's interrogatories. (*Id.* ¶ 11, Ex. J.) On September 17, 2013, after obtaining an additional extension of time, Defendant Cate served timely responses to Romero's interrogatories. (*Id.* ¶ 12, Ex. K.)

To require Defendants to provide any further discovery responses would defeat the important basis of the qualified immunity standard. A stay in discovery would allow for the issue of qualified immunity to be disposed of before Defendants are required to engage in further expensive and time-consuming discovery, including discovery motions. Defendants filed the motion to dismiss because Romero's excessive force claim is barred by the *Heck v. Humphrey* favorable termination rule and Defendants requested a ruling on qualified immunity. A stay of discovery would allow this motion to be considered before the parties and this Court are burdened with spending further resources on this case.

Discovery may be limited where: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden of the proposed discovery outweighs its likely benefits, taking into account such factors as the needs of the case, the parties' resources, and the importance of the issues at stake, and the role of the proposed discovery in resolving those issues. Fed. R. Civ. P. 26(b)(2)(C); *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 714 (1st

4

Defs.' Mot. Stay Disc. & Opp'n Pl.'s Mot. Leave File Add. Interrogs.   *Romero v. Ellery, et al.* (C 12-1084 WHO)

Cir. 1998). In the case at hand, Romero's discovery requests run afoul of one or more of the recognized justifications for limiting discovery.

Romero has had ample opportunity to obtain discovery since the Court screened Romero's amended complaint and opened discovery on January 17, 2013. (Order of Service 8 ¶ 5.) On April 2, 2013, Romero served Defendants Ellery, Harman, Grenert, Tupy, Ohland, Wood, Lewis, Cate, Sayre, and Creed with a first set of common interrogatories. (Decl. Duncan, ¶ 2, Ex. A.) Romero's interrogatories thoroughly inquired as to the Defendants' involvement, thoughts, and recollections of the April 23, 2011 cell search that resulted in the use of pepper spray. (*Id*.) And Defendants' responses reflect a complete and substantive discussion of the reasons for the use of force on that day. (*Id*. ¶¶ 3-12, Exhs. B-K.) Romero failed to serve further discovery before the Defendants asserted qualified immunity in their motion to dismiss on September 25, 2013.

On December 19, 2013, the parties discussed Defendants' request for a discovery stay pending the Court ruling on Defendant's motion to dismiss. (Decl. Duncan ¶ 2.) Romero refused to stipulate and the parties were unable to reach an agreement. (*Id*.)

## II. DEFENDANTS' OPPOSE PLAINTIFF'S MOTION FOR LEAVE TO FILE ADDITIONAL INTERROGATORIES.

On December 9, 2013, Romero filed a motion for leave to file additional interrogatories. (Pl.'s Mot. Leave File Additional Interrogs., ECF No. 50.) Defendants oppose Romero's motion for leave to file additional interrogatories and contend that Romero's motion fails to comply with the Northern District of California's local rules regarding motions to exceed the Fed. R. Civ. P. 33 twenty-five interrogatory limit. A motion for leave to propound more interrogatories must include a memorandum which sets forth each proposed additional interrogatory and explains in detail why it is necessary to propound additional questions. Civil L.R. 33-3. Romero's motion does not include such a memorandum or a description of the additional interrogatories that Romero seeks to propound. Defendants contend that additional discovery is unnecessary and burdensome and Romero failed to show why additional interrogatories beyond the twenty-eight interrogatories that were served and answered by the ten Defendants are needed.

5

Defs.' Mot. Stay Disc. & Opp'n Pl.'s Mot. Leave File Add. Interrogs.  *Romero v. Ellery, et al.* (C 12-1084 WHO)

**CONCLUSION**

Defendants respectfully requests that the Court grant this motion to stay discovery, including, but not limited to, requests for admissions, interrogatories, document production, and discovery motions, until the Court rules on Defendants' motion to dismiss on the threshold question of qualified immunity. In addition, Defendants request that the Court deny Romero motion for leave to file additional interrogatories.

Dated: December 23, 2013

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
DANIELLE F. O'BANNON
Supervising Deputy Attorney General

*/s/ D. Robert Duncan*
D. ROBERT DUNCAN
Deputy Attorney General
*Attorneys for Defendants
M. Cate, M. Creed, S. Ellery, B. Grenert, P. Harman, G. Lewis, K. Ohland, R. Tupy, T. Wood, and M. Sayre*

SF2012304500
40848229.doc

6

Defs.' Mot. Stay Disc. & Opp'n Pl.'s Mot. Leave File Add. Interrogs.   *Romero v. Ellery, et al.* (C 12-1084 WHO)

# CERTIFICATE OF SERVICE

Case Name:  **Romero v. Ellery, et al.**     No.  **C 12-1084 RS**

I hereby certify that on <u>December 23, 2013</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR A STAY OF DISCOVERY AND OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE ADDITIONAL INTERROGATORIES**

**DECLARATION OF R. DUNCAN IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY**

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR STAY OF DISCOVERY PENDING RULING ON DEFENDANTS' MOTION TO DISMISS**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>December 23, 2013</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**Michael Romero
(K-29169)
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532**
*Pro Se*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>December 23, 2013</u>, at San Francisco, California.

|  L. Santos  |  /s/ L. Santos  |
|:---:|:---:|
| Declarant | Signature |

40848300.doc